# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Curtis Ross,** | **Case No. 4:19cv899** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Steven Merlak,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* Plaintiff Curtis Ross, a federal prisoner currently incarcerated by the Bureau of Prisons in Texarkana, Texas, has filed a fee-paid civil rights complaint in this matter against Steven Merlak, Warden of the Federal Correctional Institution, Elkton ("FCI Elkton"), and Corrections Officer K. Pingatore. (Doc. No. 1.) The Plaintiff alleges Officer Pingatore deliberately used excessive force against him in violation of his rights under the Eighth Amendment during an incident that occurred at FCI Elkton in July 2017, for which he seeks monetary relief.

Because the Plaintiff's Complaint seeks redress from governmental defendants, the Court must screen it pursuant to 28 U.S.C. § 1915A, and dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). The Court must read the Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33

(1992). Nonetheless, the Court is not required to conjure allegations on the Plaintiff's behalf or construct claims for him. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014). In order to withstand a dismissal for failure to state a claim, the Complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill*, 630 F.3d at 471 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Upon review, the Court finds that the Plaintiff's Complaint must be dismissed as against Warden Merlak. The Plaintiff's Complaint does not set forth discernible allegations of misconduct on the part of the Warden himself, and it is well established that supervisory liability cannot be established under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) solely on a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* The Plaintiff has not set forth such allegations as to Warden Merlak.

The Plaintiff, however, has set forth allegations in his Complaint sufficient to suggest he has at least plausible constitutional claims against Defendant Pingatore.[1] Accordingly, the Court will allow the Plaintiff's action to proceed as against him.

---

[1] *See Hudson v. McMillian*, 503 U.S. 1, 1–2 (1992) (whenever prison officials stand accused of using excessive physical force violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

2

**Conclusion**

For the foregoing reasons, this action is dismissed as against Defendant Merlak pursuant to 28 U.S.C. § 1915A.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

This action shall proceed solely as against Defendant Pingatore.  The Clerk's Office is hereby directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendant Pingatore at FCI Elkton, and **a copy of this order shall be included with the documents to be served.**

 **IT IS SO ORDERED.**

Date:  August 15, 2019

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE