IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS ROSS, ) | Case No. 4:19-cv-899 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | THOMAS M. PARKER |
| ) | |
| STEVEN MERLAK, WARDEN, et al. ) | |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

This matter is before the court[1] on Defendant Kenneth Pingatore's ("Officer Pingatore") motion for an order pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(3), certifying that he was acting within the scope of his employment at the time of the incident out of which plaintiff Curtis Ross's claim against him arose. ECF Doc. 57. Because the Westfall Act has not been implicated on the current record, Officer Pingatore's motion must be DENIED.

**I.  Relevant Procedural History**

On April 22, 2019, Ross, a federal prisoner then confined at FCI Elkton, filed a pro se form civil rights complaint against Warden Steven Merlak and Officer Pingatore. ECF Doc. 1. Ross alleged that Officer Pingatore violated the Eighth Amendment prohibition against cruel and unusual punishment when, on July 1, 2017, Officer Pingatore, without provocation, choked and slammed Ross to the ground during pat-down search. ECF Doc. 1-1 at 1-3, 5-8, 11, 14; *see also*

---

[1] The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. ECF Doc. 55.

ECF Doc. 1-2 at 2; ECF Doc. 1-3 at 4-5. Ross cited both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 402 U.S. 388 (1971), as authorities under which he asserted federal jurisdiction. ECF Doc. 1 at 2; ECF Doc. 1-1 at 1-8. As relief, Ross requested compensatory and punitive damages. ECF Doc. 1 at 6; ECF Doc. 1-1 at 8.

On August 15, 2019, the court sua sponte dismissed Ross's complaint as against Warden Merlak pursuant to 28 U.S.C. § 1915A because: (i) the complaint did not set forth any discernable allegation of misconduct by the warden; and (ii) neither § 1983 nor *Bivens* allowed for recovery on a theory of supervisory liability. ECF Doc. 5 at 2. The court allowed Ross's complaint to proceed as against Officer Pingatore on a claim of excessive force in violation of the Eighth Amendment. *Id.*

On August 21, 2019, Officer Pingatore filed a request with the Federal Bureau of Prisons ("BOP") for representation by the U.S. Department of Justice ("DOJ") in this matter. ECF Doc. 8. On November 1, 2019, the BOP denied his request without explanation. ECF Doc. 10-1.

The court stayed proceedings in light of a parallel criminal investigation by the DOJ into Officer Pingatore's alleged conduct. ECF Doc. 10; ECF Doc. 11. The stay was lifted on December 9, 2020, after Officer Pingatore asserted that the DOJ had decided not to bring criminal charges. Docket Entry dated 12/09/2020.

Meanwhile, Officer Pingatore asserted that he made two additional requests for DOJ representation. ECF Doc. 14 at 2; ECF Doc. 20 at 2. On May 24, 2022, Officer Pingatore asserted in a motion that he believed the request for DOJ representation had been denied. ECF Doc. 49 at 2. On June 2, 2022, the court held a case management conference, at which Officer Pingatore indicated that he intended to renew his request for representation by the DOJ. Docket Entry dated 6/02/2022.

On June 24, 2022, Officer Pingatore filed the instant motion for an order under the Westfall Act. ECF Doc. 57. On July 1, 2022, Ross filed a response in support of Officer Pingatore's motion, and the United States filed an opposition. ECF Doc. 59; ECF Doc. 60.

## II. Discussion

Officer Pingatore seeks an order from the court pursuant to the Westfall Act: (i) certifying that he was acting in the scope of his employment at the time of the incident giving rise to Ross's claim against him; and (ii) substituting him for the United States as defendant. ECF Doc. 57 at 1-2. Officer Pingatore argues that at all relevant times he was acting within the scope of his employment because: (i) "taking an inmate … to the ground while working on duty as a guard … is within standard procedure of correctional officers;" (ii) he was on duty at the time; (iii) he was acting within the physical confines of his duty aera; and (iv) his actions were conducted to further the interests of a federal penal institution. ECF Doc. 57 at 6-7. Ross supports Officer Pingatore's request, echoing Officer Pingatore's arguments. ECF Doc. 59.

The Government responds that the Westfall Act does not apply to federal employees against whom only constitutional claims have been asserted. ECF Doc. 60 at 5. The Government argues that the DOJ otherwise had no obligation to represent Officer Pingatore, and its discretionary decision to not provide counsel is unreviewable. ECF Doc. 60 at 6-7.

The Westfall Act immunizes federal employees from liability for torts committed within the scope of their employment. *Osborn v. Haley*, 422 F.3d 359, 360-61 (6th Cir. 2005); *see also* 28 U.S.C. § 2679(b)(1). For the Westfall Act to apply: (i) the federal employee must notify the Attorney General of the pending lawsuit; and (ii) the Attorney General must certify that the employee was acting within the scope of his employment at the time of the alleged tort. *Peralta v. United States*, 475 F. Supp. 3d 1086, 1093 (C.D. Cal. 2020) (citing *Sullivan v. Freeman*, 944

3

F.2d 334, 337 (7th Cir. 1991)).  If both requirements are met, the United States is substituted as the party defendant and the tort claims are thereafter analyzed under the Federal Tort Claims Act. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008).  If the Attorney General refuses certification, the federal employee may petition the court to find and certify that he was acting within the scope of his employment and substitute the United States as the defendant.  28 U.S.C. § 2679(d)(3).

The scope of the Westfall Act, however, is limited; it "does not bar federal statutory claims or constitutional claims against federal employees."  *Cavezza v. Metcalf*, 260 F. Supp. 3d 823, 826 (E.D. Ky. 2017); *see also Tyson v. Willauer*, No. 3:01 CV 1917, 2002 U.S. Dist. LEXIS 17648, at *14 (D. Conn. May 28, 2020) ("Congress created only two exceptions to the Westfall Act -- federal constitutional claims and federal statutory claims.").  When the Westfall Act does not apply, the DOJ's refusal to represent a federal employee "is not subject to judicial review." *Chambers v. Hardy*, No. 19-5201, 2019 U.S. App. LEXIS 32588, at *9 (6th Cir. Oct. 30, 2019) (quotation marks omitted).

On the current record, the court finds that the Westfall Act is not implicated by Ross's complaint as against Officer Pingatore.  Neither of the parties advocating for application of the Westfall Act have addressed the threshold issue of whether Ross's complaint even alleges a common law tort claim against Officer Pingatore.  *See generally* ECF Doc. 57; ECF Doc. 59. They instead focus on whether his actions were undertaken within the scope of his employment. The ambiguity over the jurisdictional basis of Ross's claims notwithstanding, Ross's complaint is unambiguous as to the nature of his claim against Officer Pingatore – an Eighth Amendment claim for use of excessive force.  *See* ECF Doc. 1-1 at 1-3, 5-8, 11, 14.

The court notes that Ross filed his complaint pro se, so it must be read liberally. *El Bey v. Roop*, 500 F.3d 407, 413 (6th Cir. 2008); ECF Doc. 1.  But liberal construction has limits; we cannot "rewrite a complaint to include claims that were never presented … or create a claim for [the plaintiff]." *Rogers v. City of Detroit*, 595 F. Supp. 757, 766 (E.D. Mich. 2008) (citations omitted).  To read Ross's unambiguous constitutional claim as alleging a distinct common law tort claim would be impermissible rewriting of his complaint. *See id.*  This is especially true under the procedural posture of the Officer Pingatore's motion, which would require the court to apply liberal construction of a pro se pleading for the benefit of a represented party.  And independent research has not revealed any authority for the application of liberal construction of a pro se complaint for the benefit of a counseled defendant.

Because Ross has not alleged a common law tort claim against Officer Pingatore, Officer Pingatore cannot avail himself of the Westfall Act.  *See Cavezza*, 260 F. Supp.3d at 826.  And because we otherwise lack jurisdiction to review the Government's refusal to represent Officer Pingatore in this matter, Officer Pingatore's motion (ECF Doc. 57) is DENIED.  *See Chambers*, No. 19-5201, 2019 U.S. App. LEXIS 32588, at *9.

**IT IS SO ORDERED.**

Dated: July 8, 2022

Thomas M. Parker
United States Magistrate Judge

5